IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BLEU COPAS, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| ) | | |
| v. ) | | Civil Action No. 3:17-CV-1447 |
| ) | | |
| ) | | |
| BILL HASLAM, in his official capacity as ) | | |
| GOVERNOR OF THE STATE OF TENNESSEE, ) | | |
|     Defendant. ) | | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS CORRECTED COMPLAINT**

Plaintiff brings this suit to challenge the constitutionality of Tenn. Code Ann. § 63-22-302, commonly referred to as the "Therapist Bill," on the grounds that the statue violates the Equal Protection and Establishment Clauses of the United States Constitution. (Complaint, ECF 2, ¶ 1,2). This Complaint is due to be dismissed because Plaintiff cannot establish standing to sue and because he cannot establish an adequate basis for equitable relief.

**STATEMENT OF CASE**

Plaintiff is a homosexual man living in Tennessee. (Complaint, ECF 2, ¶ 3). Plaintiff claims that he has been the subject of past discrimination in that his enlistment in the United States Army was involuntarily terminated because of the "Don't Ask, Don't Tell" policy of the US military. (Complaint, ECF 2, ¶ 5-7). Plaintiff now claims that he is currently the subject of discrimination because of the Therapist Bill.

1

The Therapist Bill is codified at Tenn. Code Ann. § 63-22-302, which states in pertinent part that counselors and therapists are not "required to counsel or serve a client as to goals, outcomes, or behaviors that conflict with the sincerely held principles of the counselor or therapist; provided, that the counselor or therapist coordinates a referral of the client to another counselor or therapist who will provide the counseling or therapy."

According to Plaintiff, these facts demonstrate that the intent of the Therapist Bill is to discriminate against the LGBT community: (1) the State has a history of discriminating against members of the LGBT community (Complaint, ECF 2, ¶ 12); (2) the Therapist Bill was initially conceived as a means to protect religious counselors in that early versions of the Therapist Bill referred to "sincerely held religious beliefs" (Complaint, ECF 2, ¶ 17-19); and (3) a review of the Therapist Bill's proponents shows that the bill was designed to protect religious counselors who might have an aversion to treating homosexuals (Complaint, ECF 2, ¶ 20-29). Plaintiff also alleges generally that the Therapist Bill has caused a "stigmatic" injury in that Tennessee looked at a select group of counselors who oppose the LGBT community and determined that the counselors are deserving of protection. (Complaint, ECF 2, ¶ 41-42).

However, Plaintiff does not allege that he personally has been discriminated against under the law. He does not allege that he has sought counseling or therapy from anyone subject to the law and does not allege that he has been refused services.

**ARGUMENT**

I.   **Standard of Review for Motions to Dismiss.**

A motion to dismiss tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's allegations are true and determine whether the complaint states a valid claim for relief. *Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 679. In addition, "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

3

## II. Plaintiff Lacks Standing to Maintain this Action.

Federal courts are limited to the jurisdiction prescribed by Article III of the United States Constitution. *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016). Article III limits the jurisdiction of federal courts to "cases" or "controversies." U.S. Const. art. 3, § 2. The "case and controversy" requirement "is not satisfied, and a court therefore has no jurisdiction, when the claimant lacks standing." *Fieger v. Michigan Supreme Court*, 553 F.3d 955, 961 (6th Cir. 2009) (quotation omitted). Therefore, "[s]tanding is the threshold question in every federal case." *Id.* (citation omitted).

A plaintiff has the burden to establish standing. *Soehnlen*, 844 F.3d at 581. Three elements must be shown: (1) an injury in-fact, (a) which is concrete and particularized and (b) actual and imminent, not conjectural or hypothetical; (2) an injury "fairly traceable to the challenged action of the defendant;" and (3) "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-62 (1991); *Soehnlen*, 844 F.3d at 581. *Id.*

"Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly impending*." *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013) (quoting *Defenders of Wildlife*, 504 U.S. at 565, n.2). The United States Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute an injury in fact,' and that 'allegations of *possible* future injury' are not sufficient.'" *Id.* (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990); *see also Defenders of Wildlife*, 504 U.S. at 565, n.2; *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, (2006); *Friends of the Earth, Inc. v. Laidlaw*

4

Case 3:17-cv-01447   Document 10   Filed 12/22/17   Page 4 of 9 PageID #: 45

*Environmental Services (TOC), Inc.,* 528 U.S. 167, 190 (2000); *Babbitt v. Farm Workers*, 442 U.S. 289, 298 (1979).)

In *Clapper,* 568 U.S. at 401-02, the Court held that the respondents lacked standing and concluded that the "theory of *future* injury is too speculative to satisfy the well-established requirement that threatened injury must be 'certainly impending.'" The respondents sought to declare 50 U.S.C. §1881(a) (2006 ed.) unconstitutional and to obtain injunctive relief. *Id*. at 401. The statute at issue allows for surveillance of certain individuals if authorized by the Attorney General and Director of National Intelligence and approved by the Foreign Intelligence Surveillance Court. *Id.* In its analysis of standing, the Court stated that "even if respondents could show that the Government will seek [surveillance] . . . respondents can only speculate as to whether that court will authorize such surveillance." *Id.* at 413. The Court stated "We decline to abandon our usual reluctance to endorse standing theories that rest on speculation about the decisions of independent actors." *Id*. at 414. *See also*, *Morrison v. Board of Educ. Of Boyd County*, 521 F.3d 602, 607-08 (6th Cir. 2008). In *Morrison*, 521 F.3d at 607-08, a student believed that he could not speak out against homosexuals because the school had a policy disallowing stigmatizing speech. The student feared that he would be punished if he did so. *Id*. But there was no "specific action by the Board—that were he to speak, punishment would result." *Id*. at 610. The Sixth Circuit found there was no standing. "To avoid conferring standing by way of guesswork, we require that a litigant demonstrate either a concrete harm or the threat of such harm." *Id.* at 608. Where a Plaintiff's standing is based on "subjective perceptions, beliefs and misapprehensions," there is no standing. *Id.*

Here, all Plaintiff has alleged is that he would like to continue therapy, but he fears that he will be "refused because of his sexuality, which is the same reason he was discharged from the

5

Army." (Complaint, ECF 2, ¶ 10). This is nothing more than speculation on Plaintiff's part. The attempted analogy to the United States Army's "Don't Ask Don't Tell" policy is inapposite. The "Don't Ask Don't Tell" policy was specifically targeted at an individual's sexual orientation, and in Plaintiff's case, was in fact the alleged cause for his termination from the military. In that situation, Plaintiff suffered a real injury.

The same cannot be said of the Therapist Bill or Plaintiff's situation in this case. Here, there is nothing more than a hypothetical injury. Plaintiff can only speculate as to whether a counselor or therapist will, using the statute, refuse to provide his or her services to Plaintiff based on his status as a homosexual man. The Therapist Bill does not identify any particular principle for which there may be a conflict. Tenn. Code Ann. § 63-22-302. The Therapist Bill is a facially neutral law that allows counselors or therapists to refer *any client*—regardless of the client's sexual orientation or other individual characteristics—when counseling that client would present a conflict with the counselor's or therapist's sincerely held principles, including sincerely held principles that are *supportive* of LGBT individuals and those that are wholly unrelated to LGBT individuals.[1] Moreover, if there is a conflict with the sincerely held principles of any counselor, the Therapist Bill requires the coordination of a referral to another counselor or therapist who will provide the counseling or therapy. *Id*.

---

[1] Plaintiff's allegations that earlier versions of the Therapist Bill contained the phrase "religious beliefs," but that the current bill contains the phrase "sincerely held belief" (Complaint, D.E. 2, ¶ 18) actually contradicts Plaintiff's position in this case. The fact that the bill was changed to reflect a broader meaning than "religious belief" demonstrates that the intent of the bill is not to discriminate.

6

### III. Plaintiff Fails to Establish an Adequate Basis for Equitable Relief.

Even if standing is established, a Plaintiff must still demonstrate that he or she has "an adequate basis for equitable relief." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983). Standing "considerations 'obviously shade into those determining whether the complaint states a sound basis for equitable relief.'" *Id.* (quoting *O'Shea v. Littleton*, 414 U.S. 488, 499 (1974)). "The equitable remedy [of an injunction] is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *Id.* at 111 (quoting *O'Shea*, 414 U.S. at 502).

In *Lyons*, the plaintiff alleged that police officers regularly applied a chokehold, he and other numerous people had been injured by the chokehold in the past, and that he "justifiably fears that any contact he has with Los Angeles police officers may result in his being choked." 461 U.S. at 98. The Court stated that "[t]he speculative nature of Lyons' claim of future injury requires a finding that this prequisite of equitable relief has not been fulfilled." *Id.*

In this case, Plaintiff does not allege any real or immediate threat of injury. (*See supra*, 6.) As in *Lyons*, the speculative nature of Plaintiff's claim of future injury requires dismissal of this case.[2]

---

[2] For this same reason, this Court should not exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). *See Fieger*, 553 F.3d at 974 (district court abused its discretion in entering declaratory relief when plaintiff failed to demonstrate actual present harm or a significant possibility of future harm).

7

## **CONCLUSION**

Based on the foregoing, this Complaint is due for dismissal.

>Respectfully submitted,
>
>HERBERT H. SLATERY III
>Attorney General and Reporter
>
>S/Dawn Jordan
>DAWN JORDAN, BPR 20383
>STEPHANIE BERGMEYER, BPR 27096
>Office of Tennessee Attorney General
>Civil Justice Section
>P.O. Box 20207
>Nashville, Tennessee 37202-0207
>(615) 532-2500

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and exact copy of the foregoing Defendants' Memorandum in Support of Motion To Dismiss has been filed electronically and may be accessed through the Court's electronic filing system. The following will receive a copy through the Court's electronic filing system:

Keith Edmiston
Edmiston Birdwell
7031 Middlebrook Pike
Knoxville, TN 37909

Christopher W. Cardwell
Mary Taylor Gallagher
Gullett, Sanford, Robinson & Martin
150 Third Avenue South, Suite 1700
Nashville, TN 37201

on this 22nd day of December, 2017.

                                                         S/Dawn Jordan