# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BLEU COPAS,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )    Civil Action No. 3:17-CV-1447 |
| | )<br>) |
| BILL HASLAM, in his official capacity as<br>GOVERNOR OF THE STATE OF TENNESSEE,<br>    Defendant. | )<br>)<br>) |

## DEFENDANT'S ANSWER

Defendant Bill Haslam, in his Official Capacity as Governor of the State of Tennessee, hereby Answers the Corrected Complaint for Declaratory Relief as follows:

1. The first sentence contains no factual statements that require a response. To the extent there are factual statements, the same are denied. The second sentence is denied.

2. Denied. It is denied that there is any government-sanctioned discrimination.

3. Admitted on information and belief.

4. It is denied that Tenn. Code Ann. § 63-22-302 (the "Bill") promotes religious beliefs; it is a facially neutral statute. It is admitted that Plaintiff does not agree with the Bill.

5. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

6. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

7. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

1

8. Admitted on information and belief.

9. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

10. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

11. The first sentence is admitted. The second sentence does not contain factual statements that require a response. To the extent there are factual statements, the same are denied.

12. The first sentence is denied. The remaining allegations are admitted.

13. Admitted.

14. Admitted.

15. Defendant denies the sentence that precedes this paragraph. Paragraph 15 is admitted.

16. It is admitted that the Bill states: "No counselor or therapist providing counseling or therapy services shall be required to counsel or serve a client as to goals, outcomes, or behaviors that conflict with the sincerely held principles of the counselor or therapist; provided, that the counselor or therapist coordinates a referral of the client to another counselor or therapist who will provide the counseling or therapy." It is denied that the Bill discriminates or empowers therapists.

17. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

18. Admitted.

19. Denied.

20. Denied.

21. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

22. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

23. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

24. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

25. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

26. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

27. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

28. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

29. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

30. Defendant denies the sentence that precedes this paragraph. Paragraph 30 is denied.

31. Admitted that there was no intention to legalize discrimination. Defendant lacks knowledge sufficient to admit or deny the remainder of the allegations in this paragraph.

32. Denied.

33. Defendant denies the sentence that precedes this paragraph. Paragraph 33 is denied.

34. Admitted.

35. Denied.

36. Defendant denies the sentence that precedes this paragraph. Paragraph 36 is admitted.

37. Admitted.

38. Admitted.

39. The first sentence is denied. The second sentence is admitted.

40. Admitted.

41. Defendant denies the sentence that precedes this paragraph. Paragraph 41 is denied.

42. Denied.

43. Denied.

44. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

45. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

46. Defendant lacks knowledge sufficient to admit or deny the allegations in this paragraph.

47. Denied.

48. Admitted.

49. Admitted.

50. Denied.

51. Defendant incorporates his responses to paragraphs 1-50 as if fully set forth herein.

52. Denied.

53. Denied.

54. It is denied that the Bill allows "a select group of religious counselors to discriminate against LGBT people."

55. Denied.

56. Admitted.

57. Denied.

58. Defendant incorporates his responses to paragraphs 1-57 as if fully set forth herein.

59. Admitted.

60. Denied.

61. Denied.

62. Denied.

63. Admitted.

64. Denied.

65. Denied. It is denied that the Bill prescribes unjust and unequal treatment.

66. Denied.

4

67. Defendant incorporates hid responses to paragraphs 1-66 as if fully set forth herein.

68. Denied.

69. Denied.

70. It is denied that the Bill was unconstitutionally enacted. The allegations in Paragraph 70 are denied.

Having fully responded to Plaintiff's Complaint, Governor Haslam raises the following affirmative defenses:

1. The Complaint fails to state a claim for which relief may be granted.

2. Plaintiff lacks standing to maintain the claims raised in this Complaint.

3. This Complaint does not set forth a justiciable claim for relief.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

S/Dawn Jordan
S/Stephanie Bergmeyer
DAWN JORDAN, BPR 20383
STEPHANIE BERGMEYER, BPR 27096
Office of Tennessee Attorney General
Civil Justice Section
P.O. Box 20207
Nashville, Tennessee 37202-0207
(615) 532-2500

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing Defendants' Answer has been filed electronically and may be accessed through the Court's electronic filing system. The following will receive a copy through the Court's electronic filing system:

Keith Edmiston
Edmiston Birdwell
7031 Middlebrook Pike
Knoxville, TN 37909

Christopher W. Cardwell
Mary Taylor Gallagher
Gullett, Sanford, Robinson & Martin
150 Third Avenue South, Suite 1700
Nashville, TN 37201

on this 16th day of July, 2018.

                                              S/Dawn Jordan